UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. No.

***********************************************
DIANE MURACH and MELISSA AUBUCHON,  *
              Plaintiffs  *
                *
                *
v.  *
                *
J'S FOUR, INC. and JANET ARSENAULT,  *
              Defendants  *
***********************************************

05 11265 MLW

RECEIPT # 65063
AMOUNT $ 250.00
SUMMONS ISSUED 2
LOCAL RULE 4.1
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. M.P.
DATE 4/17/2005

**COMPLAINT**

1.   Plaintiffs Diane Murach and Melissa Aubuchon assert their federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

    MAGISTRATE JUDGE Alexander

2.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

3.   Venue in the District of Massachusetts is proper under 28 U.S.C. §1391(b). The employment practices hereafter alleged to be unlawful were committed in the Commonwealth of Massachusetts.

4.   Plaintiff Dianne Murach ("Murach") resides in Westminster, Massachusetts. At all relevant times she had been employed by defendant J's Four, Inc.

5.   Plaintiff Melissa Aubuchon ("Aubuchon") resides in Westminster, Massachusetts. At all relevant times she had been employed by defendant J's Four, Inc.

6.   Defendant J's Four, Inc., ("J's Four") is a Massachusetts corporation with an office in Fitchburg, Massachusetts. It is in the business of operating approximately fifteen Kentucky Fried Chicken stores in Massachusetts, New Hampshire and New York.

1

7. Defendant Janet Arsenault is the Treasurer, Secretary and one of the two Directors of J's Four. Upon information and belief Ms. Arsenault is one of the two primary shareholders of J's Four. Since approximately September, 2002, Ms. Arsenault has resided in Rindge, New Hampshire. Immediately prior to that she was a long time resident of Fitchburg, Massachusetts. Ms. Arsenault's husband – John Arsenault -- is the President and one of the two Directors of J's Four. Upon information and belief Mr. Arsenault is the other primary shareholder of J's Four.

8. The Kentucky Fried Chicken stores which J's Four operates in Massachusetts and New Hampshire are owned by Jarsen Management of New England, LLC, a New Hampshire limited liability company owned by Janet Arsenault and John Arsenault.

9. The Kentucky Fried Chicken stores which J's Four operates in New York are owned by Jarsen Management of New Albany, LLC, another limited liability company owned by Janet Arsenault and John Arsenault.

10. During the third week of August, 1998, J's Four hired Murach as the Office Manager of Jarsen Management of Albany at the rate of $30,000 per year.

11. As of August, 1998, J's Four was based in Fitchburg, Massachusetts, in the home owned by Janet Arsenault and John Arsenault.

12. From August, 1998, through September, 2002, Murach was required to work out of the Fitchburg, Massachusetts, home owned by Janet Arsenault and John Arsenault.

13. In approximately September, 1999, Janet Arsenault hired her daughter Jennifer Arsenault as the Office Manager of Jarsen Management of New England.

14. In or about the year 2001 Janet Arsenault asked Murach to become the Office Manager of Jarsen Management of New England while Jennifer Arsenault became the Office Manager of Jarsen Management of Albany. When this occurred, J's Four gave Murach a raise of approximately $100.00 per week.

15. In September, 2002, the Arsenaults moved to Rindge, New Hampshire. With that move, the headquarters for J's Four moved to Rindge, New Hampshire. Murach then began to work out of the Arsenaults' home in Rindge, New Hampshire.

16. In approximately 1999 Murach had created a company document that was called the "FYI Sheet." On this form Murach (weekly or monthly depending on time) performed an internal audit of each store for any child labor law violations (29 U.S.C. §212; M.G.L.c. 149, §§65-67). Any discovered violations would be noted, and Murach would hand the form to Janet Arsenault and mail it to the stores with their payroll.

17. In approximately May, 2000, the State of Massachusetts audited Jarsen Management of New England and J's Four with regard to their compliance with applicable labor laws and child labor laws for the Gardner, Massachusetts, Kentucky Fried Chicken store. In advance of this audit Janet Arsenault and Jennifer Arsenault used the J's Four computer to alter the date of birth of one minor employee in hide a child labor law violation. The State audit as a result did not find any child labor law violations.

18. In approximately August, 2003, the U.S. Department of Labor audited Jarsen Management of New England and J's Four with regard to their compliance with applicable labor laws and child labor laws for the Derry, New Hampshire, store.

19. In advance of this audit John and Janet Arsenault went through the payroll records to check for child labor law violations. They found many violations. John and Janet Arsenault then used the J's Four computer to alter the time records to hide as many of the child labor law violations as they could by falsely recording the hours of the day that the underage employees worked. Not all of the violations could be hidden, however.

20. As a result this audit by the U.S. Department of Labor revealed various child labor law violations, primarily that Jarsen Management of New England and J's Four worked employees between the ages of 14 and 15 after the hours of 6:00 P.M. at night and longer than 3 hours on school days and more than 18 hours a week. They also worked 16 and 17 year olds past 10:00 p.m.

21. In approximately October, 2003, the U.S. Department of Labor audited Jarsen Management of New England and J's Four with regard to their compliance with applicable labor laws and child labor laws (29 U.S.C. §212) for the Salem, New Hampshire, store. Again, in advance of this audit Janet Arsenault used the J's Four computer to alter the time records to hide as many of the child labor law violations at this store as she could by falsely recording the hours of the day that the underage employees worked. Again, not all of the violations could be hidden, however. As a result this audit by the U.S. Department of Labor also revealed various child labor law violations.

22. Several times after this U.S. Department of Labor audit, Janet Arsenault, after receiving the FYI report, asked Murach if Murach had altered the time records (to hide the child labor law violations.) Murach each time avoided answering the question and would and did not alter the time records.

23. In May, 2004, John Arsenault told Murach that he thought it would be wise if Murach bought a house with an office in it so that she could work for J's Four and a possible new owner of the company -- Tom Bretz -- out of her own home.

24. As a result Murach put her Westminster, Massachusetts, house on the market and started looking for another house with an office in it. Within days Murach found a buyer for her home, and shortly after that she found another house, also in Westminster, Massachusetts, with an office in it. On August 30, 2004, she sold her home in Westminster, Massachusetts, and the next day she bought the other home in Westminster, Massachusetts.

25. On August 23, 2004, J's Four and Janet Arsenault hired plaintiff Aubuchon to work as office manager for Jarsen Management of New England. Her rate of pay was $16.00 per hour. J's Four and Janet Arsenault then had Murach oversee Jarsen Management of New England and be the office manager for Jarsen Management of Albany.

26. Aubuchon starting working out of the Arsenault's home in Rindge, New Hampshire, for training. However, on October 4, 2004, Murach and Aubuchon officially began working out of the office in Murach's home in Westminster, Massachusetts, for J's Four.

27. With this move into the home office, Murach received the same hourly salary from J's Four as she previously was receiving but was now guaranteed 40 hours a week pay. Murach also received a $50.00 per month payment for rent.

28. In the middle of October, 2004, Murach received a call from the auditors at the U.S. Department of Labor regarding the Derry, New Hampshire, store. They wanted to set up a time to perform an audit.

29. Learning of this Janet Arsenault asked Murach to get the time records for the Derry, New Hampshire, store ready for her. Murach gave Arsenault her copies of the FYI's to let her know what weeks there were child labor law violations if any. Arsenault took the records with her.

30. Arsenault returned to the Murach's home office in Westminster, Massachusetts, on or about October 20, 2004, a day or two before the audit was to take place. Arsenault was upset. She asked Murach why the payroll records had not been altered (to hide the child labor law violations.) Murach told Arsenault that the payroll records were not changed because it was against the law for her to change payroll records. Arsenault then said that if Murach and Aubuchon would not change the payroll records in the future, she would find someone else who would.

31. On January 2, 2005, Janet Arsenault and J's Four abruptly terminated the employment of Murach and Aubuchon.

32. Janet Arsenault and J's Four terminated the employment of Murach and Aubuchon because Murach and Aubuchon would not (illegally) alter the payroll records.

33. Murach and Aubuchon have suffered damages as a result of their termination from employment.

## COUNT I

### (Fair Labor Standards Act, 29 U.S.C. §215)

34. By the foregoing actions the defendants retaliated against Murach and Aubuchon because they for would not illegally alter the payroll records and hide the defendants' child labor law violations. Such retaliation violates 29 U.S.C. §215.

## COUNT II

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

35. By the foregoing actions the defendants breached the implied covenant of good faith and fair dealing in the employment relationship with Murach and Aubuchon because they for would not illegally alter the payroll records and hide the defendants' child labor law violations.

**WHEREFORE** plaintiff demands:

- A. Judgment against the defendants;
- B. All lost moneys and benefits, including overtime and future pay;
- C. Compensatory damages;
- D. Liquidated damages
- E. Punitive damages;
- F. Attorney's fees;
- G. Interest and costs; and
- H. Any other remedy this Court deems meet and just.

**PLAINTIFF REQUESTS A JURY TRIAL**

                              Diane Murach
                              Melissa Aubuchon
                              By their attorney

                              _/s/ Scott A. Lathrop_
                              Scott A. Lathrop, Esq.
                              Scott A. Lathrop & Associates
                              122 Old Ayer Road
                              Groton, MA 01450
                              (978) 448-8234
                              BBO No. 287820

Dated: June 14, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) MURACH v. J'S FOUR, INC.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

  X II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
         740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
         315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
         380, 385, 450, 891.

    IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

    V.   150, 152, 153.

    **05  11265MLW**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(F)).
   NONE

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? NO

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES NO _____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES NO

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES YES _____ (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? CENTRAL

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? CENTRAL

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION NO _____ OR WESTERN SECTION NO

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME       SCOTT A. LATHROP
ADDRESS               122 OLD AYER ROAD, GROTON, MA 01450
TELEPHONE NO.         978-448-8234

(Category.frm - 09/92)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

DIANE MURACH and MELISSA AUBUCHON

**DEFENDANTS**

J'S FOUR, INC., and JANET ARSENAULT

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  MIDDLESEX
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

SCOTT A. LATHROP, P.C.
122 OLD AYER ROAD
GROTON, MA 01450
978-448-8234

ATTORNEYS (IF KNOWN)

**05  11265 MLW**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

VIOLATION OF FAIR LABOR STANDARDS ACT (29 USC 201)

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus: | | | |
| ☐ 240 Torts to Land | | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Other | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   DEMAND $ LOST MONIES   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)   JUDGE _____ DOCKET NUMBER _____

NONE

DATE 6/14/05   SIGNATURE OF ATTORNEY OF RECORD   Scott A. Lathrop

UNITED STATES DISTRICT COURT