UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. No.  05-11265 MLW

*********************************************
DIANE MURACH and MELISSA AUBUCHON,   *
      Plaintiffs   *
         *
         *
  v.   *
         *
J'S FOUR, INC. and JANET ARSENAULT,   *
      Defendants   *
*********************************************

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS

    Plaintiffs Diane Murach and Melissa Aubuchon hereby oppose the Motion of defendants J. Four, Inc., and Janet Arsenault to stay discovery pending a ruling on their Motion to Dismiss. The grounds for this Opposition is as follows.

1. In this case the plaintiffs Diane Murach and Melissa Aubuchon allege that their former employer – defendants J. Four, Inc., and Janet Arsenault – terminated their employment for refusing to illegally alter payroll records to hide child labor law violations committed by the defendants, in violation of the Fair Labor Standards Act (29 U.S.C. §201, et seq.) and in breach of the implied covenant of good faith and fair dealing.

2. The plaintiffs filed this Complaint on or about June 14, 2005.

3. Instead of answering the Complaint, the defendants on or about July 18, 2005, filed a Motion to Dismiss.  As of this date the defendants' Motion to Dismiss has not been acted on.

4. By Memorandum and Order dated September 28, 2005, this Court advised the parties that

1

       the instant case would benefit from being reassigned for all purposes to Magistrate Judge Alexander.

5. Because the plaintiffs are interested moving the instant case along, they were willing to take this Court's recommendation and have this case reassigned to Magistrate Judge Alexander. However, defendants would not so consent. At the same time defendants now wish to postpone discovery despite the Court's recommendation.

6. On or about September 13, 2005, plaintiffs served on defendants their Initial Disclosures.

7. On or about September 14, 2005, plaintiffs served on defendants their First Request for Production of Documents. (Ex. 1 attached hereto)

8. In their Motion to Stay Discovery, which was not filed until October 20, 2005, defendants now make the following arguments as to why they should not be required to respond to this Request for Production of Documents despite the fact that this case is now over four months old:

    a. It "would impose an undue burden and hardship on the defendant corporation, a family owned business." (Defendants' Memorandum, p. 1) Defendants ignore the fact that plaintiffs are two working mothers who have been unable to replace the income they were illegally denied. For plaintiffs, justice delay is justice denied.

    b. The "plaintiffs' request would require an extensive search for records, causing significant burden, expense and business disruption to the defendants." (Defendants' Memorandum, p. 2) Yet, a quick review of Plaintiffs' First Request for Production of Documents shows that compliance with this Request would

        require the production of little more than the personnel records pertaining to plaintiffs and the audits done by the State of Massachusetts or the U.S. Department of Labor with regard to child labor law violations.

c.   "There is a very strong basis for dismissal of the entire case." (Defendants' Memorandum, p. 2) This clearly is not the case. In Count I the plaintiffs have bought a claim for retaliation under the Fair Labor Standards Act (29 U.S.C. § 215). In Count II the plaintiffs brought an action for breach of the implied covenant of good faith and fair dealing. In their Memorandum in support of their Motion to Dismiss (p. 10) the defendants have argued that "the plaintiffs' common law implied covenant/wrongful discharge claim in Count II is premised entirely on a retaliatory firing, a policy which is expressly covered by the FLSA and encompassed within Count I of the Complaint. Accordingly, the plaintiffs' common law claim cannot stand, and Count II should be dismissed." Thus, defendants have already conceded – as a matter of logic – that either Count I under the FLSA will proceed or Count II under common law will proceed.

d.   "Moreover, many of plaintiffs' requests for documents are not limited in time or scope." (Defendants' Memorandum, p. 3) Again, a quick review of Plaintiffs' First Request for Production of Documents shows that this is not accurate. And, in any case, if a particular Request is too broad, defendants could so state in their Response. A Stay of all discovery is not required.

e.   " . . . no depositions, court proceedings or other matters are pending other than defendants' Motion to Dismiss." (Defendants' Memorandum, p. 4) However, the

        primary reason why no depositions have been scheduled yet by the plaintiffs is because the defendants have not timely responded to their Request for Production of Documents.  Defendants argument is therefore circular.

f.      Defendants "should not be subjected to the plaintiffs' whim . . ." (Defendants' Memorandum, p. 4)  Requesting the production of documents is not a "whim."  It is allowed by Rule.

g.      The "plaintiffs will suffer no prejudice . . ." (Defendants' Memorandum, p. 4)  As stated, plaintiffs are two working mothers who have not been able to replace the income defendants wrongfully denied them.  Continued delay, especially when the defendants would not consent to this case being reassigned to Magistrate Judge Alexander, is prejudicial to plaintiffs.

**WHEREFORE** defendants' Motion for Stay of Discovery should be denied.

                        Diane Murach
                        Melissa Aubuchon
                        By their attorney

                        */s/ Scott A. Lathrop*

                        _____
                        Scott A. Lathrop, Esq.
                        Scott A. Lathrop & Associates
                        122 Old Ayer Road
                        Groton, MA 01450
                        (978) 448-8234
                        BBO No. 287820

Dated:  October 23, 2005

Certificate of Service

I, Scott A. Lathrop, hereby certify that I have served the foregoing Opposition on the defendants by mailing this day a copy to the last known address of their Attorney of Record.

                                                                         */s/ Scott A. Lathrop*
                                                                          _____
                                                                           Scott A. Lathrop

Dated:   October 23, 2005

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

C. A. No.  05-11265 MLW

```
*******************************************
DIANE MURACH and MELISSA AUBUCHON,     *
          Plaintiffs                   *
                                       *
                                       *
     v.                                *
                                       *
J'S FOUR, INC. and JANET ARSENAULT,    *
          Defendants                   *
*******************************************
```

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Rules of Civil Procedure plaintiffs Diane Murach and Melissa Aubuchon hereby request that defendants produce for inspection and copying originals or legible photocopies of the following documents:

### INSTRUCTIONS

1. You are required to serve a written response to this Request within 30 days after service.  Your response must state, with respect to each item or category, that you will produce the documents or tangible things requested and that inspection and copying, testing, or sampling will be permitted as requested unless you object to the Request, in which event the Request must be objected to and the reasons for the objection must be stated as set out in Instruction 5.  If objection is made to part of an item or category, the part objected to must be specified and the remainder of the Request granted.

2. You are required to produce and permit inspection and copying of every requested

1

document and the inspection and copying, testing, or sampling of each tangible thing that is in your possession, custody, or control or that is in the possession, custody or control of your principals, agents, employees, attorneys, representatives, insurers, any persons or entities acting or purporting to act on your behalf, and any other persons or entities in active concert and participation with you, whether past or present and without regard to whether their relationship with you currently exists or has been terminated.

      3. You are required to produce pursuant to this Request the original of every requested document and tangible thing and any copies that have been altered in any way or that contain on their face additional markings, comments, or information. If the original of any document is not available, the most legible copy should be produced.

      4. With respect to any documents withheld from production for any reason, please provide a statement setting forth:

      a. the name and title of the author(s);

      b. the name and title of the person(s) to whom the document was addressed;

      c. the names and titles of those to whom copies of the document were sent;

      d. the date(s) on which the document was written or otherwise produced;

      e. the date(s) on which it was otherwise mailed, sent or delivered to its addressee(s);

      f. the number of pages;

      g. a brief description of the nature and subject matter;

      h. the ground(s) upon which it is being withheld; and

      i. the paragraph number to which the document is otherwise responsive.

5. The documents to be produced pursuant to this Request must be produced either as they are kept in the usual course of business or they must be organized and labeled to correspond with the categories in this Request.

6. You are required, if you are unable to obtain any document required to be produced pursuant to this Request because the document is in the possession, custody, or control of any other person or entity, to state for each such document:

    a. its customary name or description and its identifying number, if any;

    b. the date of the document;

    c. the name and address of each person who prepared the document;

    d. the name and address of each person or entity who has possession of the document or any copy thereof;

    e. a summary of its substance;

    f. a description of the efforts taken by you to obtain the document; and

    g. the reasons, if any, given by the person or entity in possession, custody, or control of the document for not providing it to you.

7. All attachments to any requested documents that are stapled, paper clipped, or otherwise affixed to documents must be produced and must be attached to the document to which they relate.

8. YOU ARE REQUESTED PURSUANT TO RULE 26(e)(3) TO SUPPLEMENT SEASONABLY ALL OF YOUR RESPONSES TO THIS REQUEST TO INCLUDE INFORMATION, DOCUMENTS, AND TANGIBLE THINGS ACQUIRED AFTER SERVICE OF YOUR RESPONSE TO THIS REQUEST.

## DEFINITIONS

1. BACK-UP TAPES. The term "back-up tapes" means magnetic tape storage or archiving of electronic information originally contained on a computer system.

2. CONCERNING. The term "concerning" means referring to, describing, evidencing, or constituting.

3. COMMUNICATION. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise.)

4. COMPUTER or COMPUTER EQUIPMENT. The term "computer" or "computer equipment" means all data processing equipment, including but not limited to, central processing units, tape drives, drum and disk storage devices, control units, input devices, and output devices; all unit record equipment, including but not limited to accumulators, calculators and sorters; all record storage and retrieval equipment, including but not limited to microfilm storage and retrieval apparatus and audio/visual storage and retrieval apparatus.

5. COMPUTER APPLICATION. The term "computer applications" means a program that performs a specific task or function, including e-mail messaging, word processing or spread sheets.

6. COMPUTER LOG. The term "computer log" means computer system usage records, such as a listing of electronically stored information and may include title, subject matter or first line of the document information and the date of the document.

7. COMPUTER PROGRAM. The term "computer program" means a set of instructions or steps, usually in symbolic form, that generates machine instructions and tells the computer how to handle a problem or sort information.

8. COMPUTER SYSTEM. The term "computer system" means an assembly of computer operations and procedures, persons, equipment and hardware and software, united by some form of regulated interaction to form an organized whole.

9. COMPUTER SYSTEM MEDIA. The term "computer system media" means the type of material used for shortage of electronic information and includes floppy discs, hard drives and magnetic tapes.

10. DOCUMENT. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34 of the Rules of Civil Procedure, including, but not limited to, electronic or computerized documents. A draft or a non-identical copy is a separate document within the meaning of this term.

11. E-MAIL. The term "e-mail" means an electronic messaging application that provides for the receipt and sending of messages among users of a computer system and possibly to and from remote users.

12. IDENTIFY (With Respect to Persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.

13. IDENTIFY (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the

        (a) type of document;

        (b) general subject matter;

        (c) date of the document; and

        (d) author(s), addresses(s), and recipient(s).

14. OPERATING SYSTEM. The term "operating system" means an organized collection of programs for operating a computer, usually part of a software package defined to simplify housekeeping, such as input/output procedures, sort merge generators, etc.

15. PARTIES. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

16. PERSON. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

17. PURGE. The term "purge" means to periodically or randomly delete or take off of the computer system e-mail messages and transfer this information to back-up tapes to restore or make usable computer memory.

18. USER. The term "user" means a person who has access to a computer or in any manner uses or directs another to use any information stored in or generated by a computer.

**REQUESTS**

1. All personnel records, as that term is defined in M.G.L.c. 149, §52C, concerning either plaintiff.
2. Any and all documents concerning any communications between either plaintiff and either defendant, including electronic or computerized communications.
3. Any and all documents concerning any communications about either plaintiff.
4. Any and all documents concerning either plaintiff's job performance.

5. Any and all documents concerning any discipline meted out to either plaintiff by either defendant.

6. Copies of job descriptions of all positions held by either plaintiff during plaintiff's employment with defendants.

7. Any and all time records concerning either plaintiff.

8. Any and all documents concerning either plaintiff's termination.

9. All employee manuals and policies in effect from 1998 to the present, including, but not limited to, personnel manuals, benefits manuals, salary schedules and all documents reflecting defendant's policies regarding discipline, termination, salary increases, promotions and discrimination.

10. Any and all "FYI Sheets" from 1999 to date.

11. Any and all documents concerning any audit since January 1, 2000, by the State of Massachusetts with regard to compliance with applicable labor laws and child labor laws.

12. Any and all documents concerning any audit since January 1, 2000, by the U.S. Department of Labor with regard to compliance with applicable labor laws and child labor laws.

13. A print out of any and all files on any and all computers owned or operated by the defendants as of the time of service of the Complaint.

14. Any and all insurance policies that defendant may have insuring it against liability for plaintiffs' claims in the above-entitled proceeding.

15. Any and all documents concerning either plaintiff's level of compensation when last employed by defendant.

16. Any and all documents concerning the fringe benefits that either plaintiff had been receiving when last employed by defendant.

17. A print out of all files kept on any and all computers owned or operated by the defendants as of the time of service of the Complaint.

18. A print out of all files kept on the defendant's computer system that may contain information concerning the firing of the plaintiffs, including all e-mail files of key personnel and word processing files of correspondence and personnel records.

19. A print out of all files kept on the defendant's computer system that may contain information concerning the audits done by either the State of Massachusetts or the U.S. Department of Labor.

20. A print out of all files kept on the defendant's computer system that may contain information concerning the hours of work of its employees.

          Diane Murach
          Melissa Aubuchon
          By their attorney

          *Scott A. Lathrop*

          _____
          Scott A. Lathrop, Esq.
          Scott A. Lathrop & Associates
          122 Old Ayer Road
          Groton, MA 01450
          (978) 448-8234
          BBO No. 287820

Dated: September 14, 2005

Certificate of Service

I, Scott A. Lathrop, hereby certify that I have served the foregoing Request on the defendants by mailing this day a copy to the last known address of their Attorney of Record.

*Scott A. Lathrop*
_____
Scott A. Lathrop

Dated: September 14, 2005