UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIANE MURACH and<br>MELISSA AUBUCHON,<br>    Plaintiffs<br><br>v.<br><br>J'S FOUR, INC. and<br>JANET ARSENAULT,<br>    Defendants | C.A. No. 05-11265 MLW |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO PROPOSED REPORT
AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS**

**I.  Introduction**

Pursuant to Fed. R. Civ. P. 72 (b) and Rule 3 (c) of the Rules for Magistrate Judges, defendants J's Four, Inc. and Janet Arsenault file this response to Plaintiff's Objection To Proposed Report And Recommendation of Magistrate Judge Alexander that this case be dismissed.  Plaintiff's submission is basically a reiteration of the arguments contained in her original opposition brief to defendants' motion to dismiss, and represents a fundamental misapplication of the legal standards governing claims under the Fair Labor Standards Act, 29 U.S.C. §215 ("FLSA").  Specifically, the Complaint in this case fails to allege any facts that demonstrate the plaintiff engaged in the type of "protected activity" necessary to establish a

*prima facie* violation of the FLSA.  Accordingly, the District Court should adopt the Magistrate

Judge's Report and Recommendation, and dismiss this case.[1]

## II.  Argument

### A.  Plaintiff Cannot Re-Characterize Facts Pleaded In The Complaint In Order to Survive a Motion to Dismiss

As a threshold matter, in her brief to the Magistrate Judge, and here, plaintiff

misleadingly avers that she was "abruptly terminated" in the wake of her alleged discussion with

her employer regarding the maintenance of wage records (Plaintiff's Objection, p.3; Complaint

¶¶ 31-32).  In fact, as clearly stated elsewhere in the Complaint, the termination occurred *more*

*than two months after* the alleged conversation between the plaintiff and her employer

(Complaint ¶¶ 30-31).  While the plaintiff may be entitled to favorable inferences regarding

pleaded facts in an attempt to survive a motion to dismiss, Rule 12(b)(6) does not entitle her to

rest on "subjective characterizations" of facts alleged in the Complaint.  Dewey v. Univ. of New

Hampshire, 694 F.2d 1, 3 (1st Cir.1982), cert. denied, 461 U.S. 944, 103 S.Ct. 2121, 77 L.Ed.2d

1301 (1983).   Nor should the Court "ignore facts set forth in the complaint that undermine the

plaintiff's claims."  Scott v. O'Grady, 975 F.2d 366, 368 (7th Cir. 1992).  Here, the timeline set

forth by plaintiff in the Complaint undermines her assertion that she was "abruptly terminated"

following the alleged conversation she had with her employer regarding the wage records.

---

[1] Originally, the Complaint included a second plaintiff, co-worker Melissa Aubuchon. However, Ms. Aubuchon sent a letter to her counsel and the Court (Docket No. 14, 12/19/05) stating: "I cannot morally and ethically continue with this case against J's Four, Inc. and Janet Arsenault."  Subsequently, the parties filed a Stipulation of Voluntary Dismissal as to Ms. Aubuchon's claims (Docket No. 15, 12/22/05).

**B.**    **Plaintiff Has Not Alleged A Prima Facie Case Under the FLSA**

The Magistrate Judge correctly concluded that, even taking all facts alleged in the Complaint as true and in their most favorable light, plaintiff's claims still do not contain the necessary elements to make out a *prima facie* case under the FLSA and its progeny.  Simply put, the Complaint does not allege a single fact demonstrating any actions taken by the plaintiff that fall within the definition of "protected activity" under the statute.  The leading First Circuit case of Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99 (1st Cir. 1999) is directly on point, and the Magistrate Judge correctly determined that this case, among others, mandates dismissal of the plaintiff's claims.    Plaintiff attempts to avoid dismissal of her case by improperly attempting to distinguish certain inconsequential facts in Claudio-Gotay, and by relying on a non-FLSA case from another circuit, which employs a different standard than is required here.

In Claudio-Gotay, the Court set out the standard for an FSLA retaliation claim as follows: "The elements of a retaliation claim under the FLSA require, at a minimum, a showing that (1) the plaintiff engaged in a statutorily protected activity, and (2) his employer thereafter subjected him to an adverse employment action (3) as a reprisal for having engaged in protected activity." Id., 375 F.3d at 102, citing, Blackie v. Maine, 75 F.3d 716, 722 (1st Cir. 1996); 29 U.S.C. §215(a)(3).  In defining "statutorily protected activity," the Court in Claudio-Gotay stated that "[t]his circuit, although not requiring an employee to file a formal complaint with a court or agency to receive FLSA protection, *does require an employee to take action beyond mere "'abstract grumblings.'"* Id., 375 F.3d at 103 (emphasis added, citation omitted).

In Claudio-Gotay, the employee complained internally to his superiors, both orally and in writing, about federal wage law violations being committed by the employer. He also refused to follow his employer's directive that he continue to take certain actions that he believed to be in violation of the wage laws, and was thereafter immediately terminated. There were two incidents that the plaintiff contended fell "within the ambit of filing a complaint" thereby constituting "protected activity" under the statute: (1) when the plaintiff informed his employer, both orally and in writing, of overtime wage violations; and (2) when the plaintiff refused to sign certain invoices approving the pay he believed to be in violation of law. Id., 375 F.3d at 102.

The Court held that neither of these actions was sufficient to constitute "protected activity" necessary make out a *prima facie* case under the FLSA. As to the first incident, the Court stated that while this Circuit does not necessarily require a "formal complaint" to be filed by the employee to avail himself of FLSA remedies, in order to constitute "protected activity" under the FLSA, "'the employee must step outside his or her role of representing the company and...file...an action adverse to the employer, actively assist other employees in asserting FLSA rights, or otherwise engage in activities that reasonably could be perceived as directed towards the assertion of rights protected by the FLSA.'" Id. The Court concluded that when the plaintiff first informed the defendant of the potential overtime violations, he did so in furtherance of his job responsibilities, and thus he "'never crossed the line from being an employee merely performing his job...to an employee lodging a personal complaint.'" Id., 375 F.3d at 102-103.

This case presents the virtually the same situation, although here, Ms. Murach did even less to assert any FSLA rights than the plaintiff in Claudio-Gotay. Ms. Murach's job responsibilities for J's Four, Inc. included being the office manager for Jarsen Management of New England and Jarsen Management of Albany, and ensuring compliance with child labor

laws, including the FLSA.  Complaint, ¶'s 14, 25.[2]  The only allegation Ms. Murach relies upon to press her claim is that she made one stray comment informing her employer that changing payroll records is a violation of law.  See, Complaint ¶ 30.  Ms. Murach took no other "action" whatsoever regarding this issue.  Even taking her allegations as true, this single statement, as was the case with the plaintiff in Claudio-Gotay, was conduct "in furtherance of her job responsibilities" as office manager of the two companies, and as such, it does not meet the minimal threshold of 29 U.S.C. §215 or the standards to make out a *prima facie* case under the FLSA in this Circuit.  Furthermore, Ms. Murach did not even go nearly as far as the plaintiff in Claudio-Gotay, who put his complaints in writing and held a meeting with his supervisors to voice his concerns and objections with their labor practices.  If those actions do not meet the statutory standard of "filing a complaint" or "protected activity," then Ms. Murach's single stray comment, without any other statements, conduct or action on her part, certainly does not.

As to the second incident in Claudio-Gotay, refusal to sign the invoices, the First Circuit also held that this was not enough to trigger protection under the FLSA, stating that "[t]his circuit, although not requiring an employee to file a formal complaint with a court or agency to receive FLSA protection, *does require an employee to take action beyond mere "'abstract grumblings.'"* Id., 375 F.3d at 103 (emphasis added, citation omitted).  Even applying the looser standards of not requiring a formal agency complaint, both the District Court and the First Circuit concluded that the plaintiff's refusal to sign the invoices was insufficient to constitute the type of "action" necessary to constitute the "filing of a complaint" for purposes of the FLSA. The Court stated that that the statutory remedies provided by the FLSA are limited to protecting

---

[2]   J's Four Inc. is the entity that holds the KFC restaurant franchise licenses for fifteen stores across New England and New York.  Jarsen Management is the operating company that runs the individual KFC store locations.

an employee who "'lodges complaints or supplies information to officials regarding allegedly substandard employment practices and conditions.'" Id. (citations omitted). The Court concluded that "[the plaintiff's] refusal to sign the invoices did neither." Id.

Again, that is exactly the case here, and the Magistrate Judge correctly concluded that, at most, this single oral comment and refusal to alter wage records, even if true, amounted to no more than "abstract grumblings" since it was not accompanied by any further actions initiated by the plaintiff. Report and Recommendation, pp. 10-11. This point appears to be lost on the plaintiff, who continues to insist in her brief that her refusal to alter wage records meets the required FLSA standard for "protected activity" in this Circuit. The Court in Claudio-Gotay unequivocally rejected this argument, as did the Magistrate Judge in this case. The First Circuit has held that the hallmark of "protected activity" under the FLSA is for the employee to "step outside" his or her role of representing the company and take some action to "assert" FLSA rights. Id., 375 F.3d at 103. Here, there was simply no such action or assertion of rights by Ms. Murach.

In Valerio v. Putnam Associates, Inc., 173 F.3d 35, 44-45 (1st Cir. 1999), the First Circuit noted that basing an FLSA claim on "purely intracorporate complaints 'unhelpfully leaves employers in the dark' as to what types of assertions will rise to the level of protected activity by their employees." Id., citing, Clean Harbors Environ Serv., Inc. v. Herman, 146 F. 3d 12 (1st Cir. 1998). The Court went on to observe "'there is a point at which an employee's concerns and comments are too generalized and informal to constitute 'complaints' that are 'filed' with an employer within the meaning of the [statute].'...Even putting oral complaints aside, as we do in this case...written comments and criticisms made to an employer may not always amount to filed complaints 'under or related to the statute.'" Id. (citations omitted).

6

In <u>Valerio</u>, the plaintiff asserted her FLSA rights by writing a letter to her employer citing the statute, specifically asserting her rights to overtime pay, stating that she was considering filing an agency action and threatening legal action of her own. In stark contrast, this case does not present a single allegation that comes anywhere near this type of assertion of rights or affirmative activity by the plaintiff. All Ms. Murach has alleged here is simply a speculative and conclusory assumption that a labor recordkeeping issue she mentioned to her employer *more than two months prior to her termination* was the cause for her termination, *and* that the employer's motives were retaliatory. This type of subjective characterization, without any supporting facts, cannot as a matter of law support a viable FLSA claim. <u>Id</u>. See <u>also</u>, <u>Robinson v. Wal-Mart Stores</u>, 341 F. Supp. 2d 759, 762-763 (W.D. Mich. 2004) (citing with approval <u>Claudio-Gotay</u>, court held that "plaintiff's expressions of concern or discomfort or frustration over her employer's wage and work hour reporting practices...do not amount to the *requisite adversarial assertion of statutory rights*" necessary to make out a claim under the FLSA (emphasis added)); <u>McKenzie v. Renberg's, Inc.</u>, 94 F. 3d 1478 (10th Cir. 1996) (same).

As the Magistrate Judge found, this case presents no facts that indicate Ms. Murach took, or even attempted to take, any action adverse to her employer, that she ever acted other than in furtherance of their job responsibilities or that she ever "crossed the line" from being an employee merely performing her job to an employee lodging actual complaints against her employer. Nowhere in the Complaint does Ms. Murach even allege that she ever did anything more than make one generalized comment that changing payroll records was against the law. As such, even assuming the truth of the Complaint in its most favorable light, Ms. Murach did even *less* than the plaintiffs in <u>Claudio-Gotay</u> or <u>Robinson</u>, and as such, cannot meet the threshold showing necessary to maintain an FLSA claim in this Circuit.

7

Plaintiff's Objection to the Magistrate Judge's Report and Recommendation makes the circular argument that Claudio-Gotay is distinguishable because "it was not the job responsibility of Murach to falsify employees' time records" as she was allegedly requested to do (Plaintiff's Objection, p. 6). This argument defies logic, and has no bearing on the legal standards cited above or Magistrate Judge's ruling. True, it was not part of Ms. Murach's job responsibility to falsify records, just as it was not in Claudio-Gotay or any other case cited above. Nobody has suggested otherwise, and this argument is a red herring, wholly inapposite to the settled legal standards applicable to this case.

Plaintiff also attempts to avoid the holding of Claudio-Gotay, Valerio and other First Circuit cases by relying on the Eighth Circuit case of EEOC v. HBE Corp., 135 F. 3rd 543 (8th Cir. 1998). HBE was a Title VII case, not an FSLA case, and employed a different legal standard than is required under the FSLA and in this Circuit. Even so, the Court in HBE relied heavily upon the fact that the plaintiff's termination took place *within hours* after a confrontation with his employer over a an unlawful discrimination issue, a fact that, by itself, makes HBE distinguishable from the facts here. Therefore plaintiff's misplaced reliance on this case does not help her cause.

Finally, as noted above, plaintiff's assertion that her termination, two months after her alleged conversation with her employer (and two months after the audit which was purportedly the subject of that conversation), was retaliatory, amounts to little more than vague conjecture which is insufficient to defeat a motion to dismiss. Plaintiff has failed to allege a single fact suggesting a nexus between her alleged comment and her termination. Her subjective characterization of these events is not sufficient to make out a *prima facie* case of retaliation under the FSLA, and accordingly, Count I of the Complaint should be dismissed.

**C.    The Plaintiffs' State Law Claim Under
Count II of The Complaint Must Be Dismissed**

Because the Magistrate Judge recommended dismissal of the FLSA claim, she also recommended that the plaintiff's second count, a state law claim premised on breach of the implied covenant of good faith and fair dealing, be dismissed on jurisdictional grounds.  Ruiz-Sussona v. University of Puerto Rico, 334 F. 3d 157, 160-161 (1st Cir. 2003).  This was the correct ruling since, if this Court dismisses the FLSA count, as it should, it should not retain supplemental jurisdiction of the sole remaining state law count.  Id. 28 U.S.C. §1367.  See also, Houlton Citizens Coalition v. Town of Houlton, 175 F.3d 178 (1st Cir. 1999).  Moreover, this count should be dismissed because Plaintiff's Objection to the Magistrate Judge's Report does not make any specific arguments objecting to the dismissal of Count II, other than to say the court should "retain jurisdiction over Count II" (Plaintiff's Objection, p. 2).  This is an insufficient basis for an objection under Fed. R. Civ. P. 72 and Magistrate Rules Rule 3(b) and (c) which require a party to file a "specific" written objection and state the "basis for the objection."

In addition to the foregoing reasons, Count II should be dismissed on two other substantive grounds.  First, under Massachusetts law, "an at will employee generally can be fired for any reason or no reason at all." Acher v. Fujitsu Network Communications, 354 F. Supp. 2d 26, 29 (D. Mass. 2005), citing, Smith v. Mitre Corp., 949 F. Supp. 943, 948 (D. Mass. 1997).  A "narrow exception" to that rule is where the discharge is for "reasons that violate clearly-established public policy."  Acher, 354 F. Supp. 2d at 29.  The Supreme Judicial Court, "consistently has interpreted the public policy exception narrowly, reasoning that to do otherwise would convert the general rule...into a rule that requires just cause to terminate an at-will employee." Id., 354 F. Supp. 2d at 29, citing, King v. Driscoll, 418 Mass. 576, 582 (1994).  The

foregoing standard applies to a claim for breach of the implied covenant of good faith and fair dealing in at-will employment situations. Id. See also, Cousin v. Sofono, 9 Wage & Hour Cas. 2d (BNA) 298, 2003 U.S. Dist. LEXIS 18670 (D. Mass. 2003).

In applying this standard, the SJC has held that the public policy exception does not extend to "all employee acts that are 'appropriate or socially desirable,'" nor do they "extend so far as to cover all acts by an employee that are directed to illegal, unsafe or unethical conduct." Archer, supra, 354 F. Supp. at 29 (citations omitted). In this case, the plaintiff simply alleges that her supposed refusal to falsify wage records, combined with a stray comment she made, meets the standards to support a claim for a breach of the implied covenant. It does not. Id. Allowing plaintiffs to maintain a "public policy" claim on the facts alleged here would be an improperly expansive application of Massachusetts law in this area.

Second, even if the allegations of the Complaint may be viewed as falling within the narrow confines of the public policy exception, where the so-called public policy alleged in a state law claim is specifically encompassed in a federal statute, the state law claim cannot stand, and must be dismissed. Valerio, supra, 173 F.3d at 45-46. In Valerio, a state law wrongful termination claim arising out of an overtime pay dispute was dismissed because the public policy involved in the plaintiff's wrongful discharge claim was encompassed by the FLSA. In so holding, the Valerio court relied on Melley v. Gillette Corp., 397 Mass. 1004 (1986), in which the SJC held that the plaintiff could not maintain a common law wrongful discharge claim premised on age discrimination where there was a Massachusetts statute specifically addressing age discrimination claims. The SJC adopted the reasoning of the Appeals Court in the same case, wherein the Appeals Court stated: "[w]e think that where, as here, there is a comprehensive remedial statute, the creation of a new common law action based on the public policy expressed

10

in that statute would interfere with that remedial scheme." Melley v. Gillette Corp., 19 Mass. App. Ct. 511, 513 (1985). In this case, the plaintiffs' common law implied covenant/wrongful discharge claim in Count II is premised entirely on a retaliatory firing, a policy which is expressly covered by the FLSA and encompassed within Count I of the Complaint. Accordingly, the plaintiff's common law state claim cannot stand, and Count II should be dismissed.

**D.      The Claims Against Janet Arsenault Individually Must Be Dismissed**

The Magistrate Judge also recommended that Count III asserting claims against Janet Arsenault individually should be dismissed. Plaintiff did not lodge any objection to this recommendation, and therefore, this claim should be dismissed. To the extent the District Court will consider this issue *de novo*, defendants hereby incorporate by reference the arguments set forth in their Memorandum of Law in Support of Motion to Dismiss.

### III.  Conclusion

For the foregoing reasons, all counts of the plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

J'S FOUR, INC. and JANET ARSENAULT
By their attorney,

 /s/ Robert Wolkon
Robert Wolkon, BBO No. 550406
**WOLKON & PASCUCCI, LLP**
One Beacon Street, Suite 1320
Boston, MA 02108
(617) 523-8400

Dated: March 8, 2006

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 8, 2006.


*/s/ Robert Wolkon*
Robert Wolkon